# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ASBURY AUTOMOTIVE ST. LOUIS, LLC <br> D/B/A PLAZA MOTOR COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> TRAVERS AUTOMOTIVE GROUP, LLC, <br><br> and <br><br> JASON CATLIN, <br><br> Defendants. | Case No. 4:14-cv-1796-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Jason Catlin's ("Catlin") Motion to Modify the Amended Case Management Order (Doc. 42). Plaintiff Asbury Automotive Group d/b/a Plaza Motors ("Plaza") has responded (Doc. 45). The Court abbreviated the timeline for Catlin to reply (Doc. 46). Subsequently, Catlin requested, and the Court granted, an extension of time, up to and including April 29, 2015 to file his reply (Docs. 47, 48). As of today's date, Catlin has not filed a reply. The motion is therefore fully briefed and ready for disposition. For the following reasons, Catlin's Motion will be **DENIED**.

On December 17, 2014, the Court entered a Case Management Order in which the Court largely adopted the parties' Joint Proposed Scheduling Plan. Relevant to the current motion, the Parties agreed to submit any motions for the amendment of pleadings no later than February 6, 2015 (Doc. 35). The Court adopted this date in its Case Management Order (Doc. 36). On March 4, 2015, Plaza filed a Motion to Amend the Case Management Order. In its Motion, Plaza requested an extension to the deadline to disclose its experts and the deadline to provide their

experts for deposition. Defendants consented to the modification and the Court entered an Amended Case Management Order on March 5, 2015 (Doc. 40). Importantly, the deadline to file any motions for the amendment of pleadings did not change from the originally set February 6, 2015 date.

On April 9, 2015, Catlin filed a Motion to Modify the Amended Case Management Order (Doc. 42) seeking leave to file a Counterclaim to assert class-wide claims against Plaza for (1) violation of the Missouri Commission Sales Act, and (2) Breach of Contract. In support of his Motion, Catlin asserts that on March 24, 2015, Plaza produced documents indicating (1) the total front end yield for the BMW store, (2) the number of new units sold or leased, and (3) any documents indicating whether the BMW store was at or above the region average OSAT score for August 2014. Catlin argues that these documents allowed "Defendant Catlin to determine whether Plaintiff underpaid his commissions on his last pay check because these variables were included in his Manager Pay Plan" (Doc. 42 at 2). Therefore, based on the production of these documents, that same day counsel for Catlin sent counsel for Plaza an email demanding payment of the amount Catlin was allegedly underpaid on his final paycheck. Counsel for Catlin indicates he did not receive a response from Plaza and thus filed the current motion.

Plaza responds that Catlin has not demonstrated good cause to allow amendment of his pleadings to assert a permissive counterclaim alleging a class-action. Furthermore, Plaza argues that it would seriously prejudice Plaza if the Court were to allow the amendment because the bulk of the discovery on Plaza's claims has been completed and the proposed amendment would require significant class-related discovery including the need to re-depose many of the individuals already deposed.

When a party seeks to amend its pleadings after the deadline for doing so in the Court's case management order has passed, the Court must apply the good cause standard of Federal Rule of Civil Procedure 16(b) in order to determine whether to grant the movant leave to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* at 716-717. "The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (internal quotation omitted). Whether to grant a motion for leave to amend is within the discretion of the Court. *Nadist, LLC v. Doe Run Resources Corp.*, 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009).

The Court finds that Catlin has not demonstrated good cause to allow amendment of his pleadings to assert a counterclaim alleging a class-action. While Catlin may have acted with diligence in his attempt to meet the Case Management Order's requirements, allowing an amendment to add the class action counterclaim would clearly prejudice Plaza. At this late stage, discovery is nearly complete and the consolidated preliminary and permanent injunction hearing is scheduled for May 19, 2015, less than two weeks from today's date. Granting such an amendment would require considerable additional discovery and would result in a delay to the proceedings, both of which would prejudice Plaza. *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). *See also Niesse v. Shalala*, 17 F.3d 264, 266 (8th Cir. 1994) (upholding a district court's decision to deny a motion to amend when considerable additional discovery would be required to deal with the question of class certification).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jason Catlin's Motion to Modify the Amended Case Management Order (Doc. 42) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is set for a telephone conference with the counsel on **May 14, 2015** at **2:30 p.m.** The Court will initiate the call.

Dated this 8th day of May, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE